```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**DOY HORNER,**

      **Plaintiff,**

v.                                   Case No. 2:09-cv-01038

**WEXFORD HEALTH SOURCES,**
**NAOMI ROBERTS, Medical Administrator,**
**DAVID BALLARD, Warden,**
**JAMES RUBENSTEIN, Commissioner,**
**Division of Corrections, and**
**JANE/JOHN DOE,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is a civil rights action in which Plaintiff, an inmate at Mount Olive Correctional Comlex, alleges that Defendants were deliberately indifferent to his serious medical needs.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. In <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in

the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.

Plaintiff's complaint alleges, in pertinent part, as follows:

> I have 75-100 lipomas (a benign tumor of fatty tissue). They are both painful and bothersome, and can even change and become cancerous. They cover over 95% of my body! I am in constant pain and suffering with nothing but Motrin (400 mg 3 times daily) for pain. These tumors have been growing and multiplying for now over 19 years. In 2001 I was taken out to Montgomery General Hospital where 25-30 of these tumors were removed. I was told at that time I needed further surgeries to remove the rest. Nothing since has been done. Later in 2002, while in another [Division of Corrections] facility, I was informed by the warden that my lipomas were "more a inconvenience than a health issue! Removal would be of cosmetic nature!" Since 2002 only 1 lipoma has since been removed! New tumors are appearing almost daily. My sleeping is impaired, and the pain can be unbearable at times. I continue to put in sick call slips to medical and nothing is being done to treat these tumors.

(Complaint, # 5, at 4-5.) Plaintiff seeks relief in the form of removal of his lipomas. Id. at 5-6.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also

Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Munic. of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. See Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. See id. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. See Estelle, 429 U.S. at 106.

Miltier, 896 F.2d at 851-852.

In Glaze v. Hall, 2006 WL 360643 *4 (S.D. Ga. Feb. 15, 2006), the court described a lipoma as "'a growth of fat cells in a thin, fibrous capsule usually found just below the skin.' Web MD, *Lipoma,* http://webmd.com/hw/skin_and_beauty/tp21226.asp (Jan. 11, 2006). The condition is rarely serious and does not cause pain. *Id.*"

Lipomas are elsewhere defined as "soft, movable, subcutaneous nodules with normal overlying skin." The Merck Manual of Diagnosis and Therapy at 840 (1999).

> Patients may have one or many lipomas. They occur more often in women than men and appear most commonly on the trunk, nape, and forearms. They are rarely symptomatic, but pain may occur. Diagnosis is usually made clinically, but a rapidly growing lesion should be biopsied, although lipomas rarely become malignant.

3

> Treatment is not usually required, but bothersome lesions may be surgically excised or removed by liposuction.

Id.

Within the Fourth Circuit, a court has held that lipomas do not constitute a "serious medical need." See Abad v. Roff, 2008 WL 728928 n.7 (W. D. Va. 2008) ("no evidence that the remaining lipomas constitute a serious medical need or that the removal of the lipomas are medically necessary").

The undersigned proposes that the presiding District Juge **FIND** that Plaintiff's lipomas, although they cause him some discomfort, do not constitute a serious medical need which mandate treatment.

Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief can be granted, and that Plaintiff's application to proceed without prepayment of fees and costs (docket # 4) be **DENIED**.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with

the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

```
  November 6, 2009                          /s/ Mary E. Stanley
        Date                           Mary E. Stanley
                                       United States Magistrate Judge
```

5